The issue in this case is whether or not the Veterans Court used the wrong legal standard to determine the scope of Mr. Clifton's claim in relationship to his cervical spine disability. In May of 1969, while on active duty, Mr. Clinton was injured, injured his back when the truck he was riding in struck a landmine. Since March, excuse me, since 1990, March of 1992, he has been attempting to secure the maximum benefit available under law for his back injury. He, this claim has been continuously pursued since 1992. The most recent decision of the Veterans Court addressed the issue of the ratings of two of the subsidiary disabilities. Does your argument come down to needing to include the neck injury, the cervical injury, in a kind of category of back injuries? Yes. I gather the board and someone said, lumbar is one thing, cervical is another, and you didn't mention cervical until 2005. Well, I believe the effective date of sign was 2013, but in any event, the first time it was noted. I thought it was put back to 2005, March of 2005. You're right, you're right, you're correct. You're right, I apologize. It was first noted in his records in 2001, which is at Appendix 86 to 88, and then it was confirmed by VA examination in 2003 at 92 to 93 in the appendix. It is our position that a claim for compensation for a back injury includes anything that is related to the back that comes up during the course of the continuous pursuit of that claim. And that a claim must be regarded by this court based upon the regulatory statement of policy of the secretary that the VA has an obligation to develop evidence to support every claim that can be granted to the maximum benefit available under law, so long as it is consistent with the applicable provisions of law. The applicable provisions of law relied upon by the Veterans Court in this case were 38 CFR 3.155A in defining what constitutes an informal claim. This was not an informal claim. This was a formal claim. This was a formal claim for compensation that began in 1992. That claim has been continuously pursued, and Mr. Clifton is entitled to an effective date from the date in which his medical records first established. He is not asking for an effective date from 1992 when his claim began because the cervical injury was not discovered as being disabling until 2001. And therefore, the legal standard used by the Veterans Court under 3.155A requiring that there be some kind of identification of the particular benefit sought is inconsistent with the appropriate assignment of an effective date based upon a claim that has been continuously pursued in this case since 1992. We believe the correct legal standard is the legal standard that was articulated initially by the Veterans Court in Clemens and that based upon that determination, this court in Murphy endorsed the Clemens lenity rule in its holding and that that rule is based upon a sympathetic reading of the scope of the claim that is best accomplished by looking to the veteran's reasonable expectations in filing and the evidence developed in the processing of the claim. Under that standard, Mr. Clifton is clearly entitled to... Didn't the Veterans Court recognize that standard? And if that's right, then why is your argument not in disagreement with the application of it to these circumstances, which, as you know, is not something we can do? Well, it has to do, in our view, with whether or not the legal standard was properly applied. The legal standard that is referenced at Appendix A is a legal standard that is dependent upon a different standard requiring the identification of a particular benefit sought, not based upon the announcement of the rule in Clemens and endorsed by this court in Murphy that allows for a much broader interpretation of a pro se pleading by a veteran. At the time that this claim was filed, he was a pro se claimant and simply identified in the application. It's in the record at 22, 21 to 24. And at 22, he describes the compensation that he's seeking is for a back injury. There is simply no reason why a veteran in this system should be denied an effective date from the date in which the evidence established the existence of that disability. Didn't he explain in the 2005 correspondence that the neck injury or neck claim is separate from the back claim? I'm sorry, did he? Yeah, Mr. Clifton. Right. In his 2005 correspondence, which has been interpreted as a claim for the neck injury, didn't he note that the neck claim is a separate claim from his pre-existing back claim? That is what Mr. Clifton articulated. But Mr. Clifton is a lay person, and the Veterans Court in Clemens recognized that veterans are not medical experts any more than they are legal experts. And it would be unreasonable in this non-adversarial system to prevent Mr. Clifton from getting the earliest possible effective date based upon the way in which he chose to articulate it. And why this case is not like others, like Ellington and Butler, when the Board and the Veterans Court both understood that there was an obligation here under the law to read Mr. Clifton's claim sympathetically, to read it with what would be the objective reasonable expectations that it per se would have in filing such a claim, and that there is a duty to assist a veteran for any given claim. And given that all of that was articulated, I don't see what we can do beyond recognizing, as we did in Ellington and Butler, that what we have in front of us is simply an application of those laws to the facts of this record, where the Veterans Court and the Board both concluded that the 1992 claim for a back just couldn't possibly also encompass this current neck injury claim. They both arouse out of the same incident in service, and the basis for compensation under 1110 is that there is a resulting disability from an injury incurred while serving on active duty. The injury that he sustained was as a result of his truck hitting a landmine. It is simply unreasonable to suggest that in this non-adversarial, supposedly veteran-friendly system, that we're going to hold the veteran to account on the basis that literally decades after the fact, a court decides that, well, that's not reasonable. It is reasonable, and more importantly, it's consistent with the duty to maximize benefits under 3.103A. That is substantively different than the duty to assist under 5.103A. We're not talking about the duty to assist. We're talking about the obligation to develop facts based upon the evidence that's presented in the record during the course of a continuously pursued claim, and that is a distinction at law that needs to be articulated by this court to ensure that veterans get the maximum benefit that they're entitled to under law. He is not asking for an effective date all the way back to 1992. It would be unreasonable to suggest that this injury was known at the time. So what's the earliest effective date Mr. Clifton wants? 2001, Your Honor, the time in which his medical records first noted his cervical spine injury. Was there a claim filed in 2001, informal or formal? There was a formal claim that was being continuously pursued in 2001. And that's the 1992 claim. But there wasn't a separate claim filed in 2001. And it is unreasonable. So how would Mr. Clifton be able to time his earliest effective date to 2001? Because he has a pending claim for compensation for his back injury, and parcel of his back injury is the injury to his neck that was not discovered and confirmed to be a disability until 2001. And because he was continuously pursuing his underlying back claim, then there would be no basis to make this connection. But this is part of a three-decade-plus continuous prosecution of his right to the maximum benefit available under law. Seeing that I'm into my rebuttal time, I'd like to reserve the balance. Thank you. May it please the Court. Contrary to Mr. Clifton's contentions, the Veterans Court applied the correct legal standard and determined that the scope of the March 1992 claim for a back injury did not encompass a neck injury that was only discovered nearly 13 years later. At bottom, although Mr. Clifton is attempting to frame this appeal as involving two competing legal standards, now that we are in receipt of Mr. Clifton's reply brief and the argument this morning, there's nothing left here. The Veterans Court applied the standard that is being sought by Mr. Clifton. It interpreted Mr. Clifton's claim sympathetically as a veteran. It looked to his reasonable expectation at the time that the claims were filed, and it examined the record evidence to determine what injuries existed at the time of the claim and determined that the claim prior to 2005 did not encompass the neck injury. Frankly, Your Honor, Mr. Clifton's counsel made several references to the back injury, which is a separate and distinct claim, and any layman could determine that a lower back injury involving lumbar is separate and distinct from a neck injury. That is not asking any layman or veteran to serve as a medical professional. Those are the types of distinctions that every individual makes in their everyday life. And frankly, were one to approach a doctor and complain about a lower back injury, that would not put that doctor or the Veterans Court, excuse me, or the Veteran VA on notice regarding a neck injury. Can I ask you something that just came up at the end of Mr. Carpenter's argument, and maybe I missed this before? Was the issue that was put to the Veterans Court and or the board about an effective date of 1992 and an effective date of 2001, or are those two things consistent in the sense that there was a claim, according to Mr. Clifton, that covers this since 1992, but you don't get an effective date until the injury occurs or manifests, which at least I think was diagnosed only in 2001. Frankly, Your Honor, that was news to me as well, that we're not trying to get back to 1992. That being said, I don't think it is of issue at this point, because the Veterans Court examined the medical records all the way back to 1992, so this is not an issue of they did not go back far enough. Frankly, they looked all the way back to the initial claim to determine whether there was any evidence in the records supporting a neck injury. That did not exist until 2001. There was an intervening period of four years where the neck injury was never mentioned by Mr. Clifton, despite this ongoing 1992 claim, and it was only until, I believe, March 2005. Excuse me if that month is incorrect, but I'm pretty sure about that. March 2005 that the neck injury was included in any claim where there was an attempt to include, I believe the word was, all residuals of the lower spine injury, of the spine injury, and that was interpreted to include the cervical spine, also known as the neck in layman's terms. I don't think that it's a distinction with a difference whether the claim is seeking to go back to 2001 or 1992, because, frankly, there's just no evidence in any of the claims prior to 2005 that Mr. Clifton was seeking compensation for a neck injury. Is there a legal theory, though, that I'm not aware of, that you are, where a claimant could use a 1992 claim as a vehicle to get an earlier effective date to 2001 instead of 2005 when the other claim was filed because this other injury to the neck manifested itself in 2001? Maybe not on these facts, but some other facts where you don't necessarily have to file a new claim, but as long as some injury that is related to the original injury for which you filed the claim, you could enjoy that date when that injury manifests itself to be the effective date, as opposed to always requiring a claim filing date as being an effective date for a service-connected injury. I'm not aware of any such legal theory, Your Honor. Your Honor, I would posit that it may be potentially applicable if, for instance, I have a shoulder injury in 1992 and later have some type of thoracic outlet syndrome, which is also related to the shoulder. I'm using that just from baseball knowledge. I apologize. But in any event, I agree with you, Your Honor. But that being said, you know, I think that that is, if there were evidence in the record that could somehow tie the later injury to the 1992 claim, perhaps that would be some set of facts, but that's not what we have here. Here we have two distinct injuries, one of which that did not manifest itself until nine years after and then was not the subject of any claim until four years after that. So here we have a, we don't even have an attenuated chain. We have two separate chains of inquiry, and we are relying on a 1992 claim that is conceded to be a back injury. There's no evidence for the neck injury. So to try to relate it back to an ongoing back claim chain is not the applicable path here. Your Honor, I think it's very clear that there is no real distinction between the two parties' legal standards that they're proposing here, and I think it's relatively clear, directing your attention to the Appendix 8 through 10, that the Veterans Court, in rather systematic fashion, examines the evidence in the record, makes a factual finding that there was no evidence in the record of a neck injury prior to 2001, that there was no claim that mentions a neck injury prior to 2005. That factual finding is not disturbable on appeal, and this Court lacks jurisdiction to make those types of determinations. This Court has previously articulated that the date and scope of a claim is a factual finding to which it lacks jurisdiction, and therefore there's really nothing left at this point. Unless the panel has any further questions, I'll concede the remainder of my time. Thank you. Thank you, Your Honor. Mr. Carpenter. Your Honor, the government continues to refer to two distinct injuries. The compensation that is sought here is for the resulting disability. That's what is compensated under 1110. 1110 compensates for resulting disabilities from an injury that is incurred while on active duty. The only injury incurred is the one resulting from this explosion while he was on active duty. That now imposes upon a veteran the obligation to differentiate his injuries. He doesn't make a claim under VA Form 21-526 for compensation for injuries. He makes a claim for compensation for resulting disabilities. In this case, before the board was the question of whether or not there was an entitlement to a rating based upon the entirety of the spine. This is injury to the spine. Under the rating from the board, he got a 100% rating based upon the combined effects of the ankylosis that appears in his spine as a result of both of these areas of the spine. That indicates that what the VA is rating is not an injury but a disability. The compensation and the effective date for which Mr. Clifton is entitled to is based upon whether or not there is or isn't, was or wasn't, an ongoing continuous prosecution of the claim for the injuries he sustained in service. Those injuries include and must be encompassed in any award that is granted during the course of that. That is why 3.156B is relevant because that's a regulatory provision by the secretary under his 501A authority in which the secretary has articulated that if there is new and material evidence received during the pendency of a claim, and that's what happened here. They got new and material evidence based upon Mr. Clifton's 1991 medical records and then confirmed by the 2003 VA examination that there was another injury to his back that he should be compensated for. The VA agreed to compensate. The question now is the appropriate effective date. We believe that there is a significant distinction between the injuries here, but that should not affect the ability to obtain an effective date under the veteran-friendly criteria provided for by Congress. That's it for the questions from the panel. Thank you very much.